MOSLER SAFE COMPANY *vs.* WENDELL P. THORE.

Suffolk.    January 22, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Performance and breach. *Waiver.*

One who sold certain safes, to be furnished by the buyer to a town, with an agreement that the safes "will pass the inspection of" the commissioner of public records of the town, may recover the price of the safes on showing that they were of a standard kind with which that commissioner was familiar and that he approved them without a personal inspection, that they were used by the town and found to be satisfactory and that the buyer made a part payment of the price without demanding an inspection.

CONTRACT on an account annexed for a balance alleged to be due on the price of three safes sold to the defendant on March 31, 1913, and delivered to the town of North Andover at the defendant's request, with a first item of $195, the price of the safes, an item of $4.74 for interest, and a credit item of $60 for cash paid by the defendant on July 23, 1913, leaving a balance alleged to be

due of $139.74.   Writ in the Municipal Court of the City of Boston dated August 26, 1913.

In the Municipal Court the case was tried before *Wentworth*, J. The facts found and reported by him are stated in the opinion.   At the close of the evidence the defendant asked the judge to make the following rulings:

"1.   That the plaintiff before it can recover is required to have Henry E. Wood, [the Mr. Wood mentioned in the opinion] make a proper and legal inspection of the safes.

"2.   That a legal inspection as called for in the contract between the parties could only be made by an examination of the property by Henry E. Wood, and as no examination was made by him the plaintiff cannot recover.

"3.   That the right of action in this case was not complete until after there had been a proper inspection of the safes by the said Wood, and that an inspection after suit brought cannot aid the plaintiff's case."

In regard to the first and third rulings, the judge found that Mr. Wood had made a proper and legal inspection of the safes, and therefore ruled that those rulings were not applicable, and refused to give the second ruling.

The judge found for the plaintiff in the sum claimed in the declaration and at the request of the defendant reported the case to the Appellate Division.   The Appellate Division ordered that the report be dismissed; and the defendant appealed.

*F. S. Harlow*, for the defendant, submitted a brief.

*T. R. Bateman*, for the plaintiff.

DE COURCY, J.   The plaintiff sold three safes to the defendant, and at his order delivered them to the town of North Andover. The written proposal of the plaintiff contained the clause, "It is also agreed and understood that these safes will pass the inspection of Mr. Wood."   In this action for the unpaid balance of the purchase price the only defense alleged is that the safes have not been inspected by Mr. Wood, who was the commissioner of public records.

On the facts found and stated in the report, the defendant was not entitled to the rulings requested.   The judge expressly found that Mr. Wood did pass and approve the safes.   Mr. Wood himself testified that he was sufficiently familiar with the standard kind

of safes described in the letter of proposal to enable him to pass and approve them without a personal inspection of them, and that he did so.  This was a compliance with the contract.  Further the chairman of the selectmen testified that the safes were in use by the town and were satisfactory; and the defendant himself paid part of the purchase price without demanding an inspection. Plainly it could be found that the defendant waived any right he had to have the safes pass the inspection of Mr. Wood, even assuming that the inspection was a condition precedent to the plaintiff's right to recover.   On the plaintiff's motion double costs are awarded from the time when the appeal was taken, and the order dismissing the appeal is affirmed.

*So ordered.*